**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4268

FRANCIS BARRY NEWMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-93-68)

Submitted: November 24, 1998

Decided: February 10, 1999

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Robison Allen, Jr., Roanoke, Virginia, for Appellant. Donald
Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Francis Barry Newman appeals his convictions and sentence for possession of a firearm by a felon and attempted possession with intent to distribute cocaine. We affirm.

Newman was indicted for criminal conspiracy and various drug and firearm charges related to an armed drug trafficking network that he headed in western Virginia. If convicted by a jury, Newman would have faced a maximum penalty of four life terms plus seventy years incarceration. Newman initially pled not guilty.

Newman eventually changed his plea to guilty on two counts of the indictment: possession of a firearm by a felon and attempted possession with intent to distribute cocaine. The remaining counts were dismissed. At his Fed. R. Cr. P. 11 hearing, Newman testified that he was in fact guilty of these crimes. In his plea agreement, Newman agreed that he would accept accountability for fifteen kilograms of cocaine. Further, he stipulated that there was a sufficient factual basis to support the allegations to which he pled guilty.

The Presentence Investigation Report ("PSR") recommended, inter alia, a two-point enhancement for possession of a firearm during the drug offense. Newman filed certain objections to the PSR, although none addressed the firearm enhancement or the drug quantity. His objections were overruled.

On appeal, Newman contends that he received ineffective assistance of counsel regarding his guilty plea and sentencing, because his attorney failed to investigate the amount of drugs for which he was held responsible, ignored his efforts to prove his innocence on the firearm charge, and failed to object to the firearm enhancement when there was no evidence that the firearms were related to his drug offense. A claim of ineffective assistance is not properly raised on direct appeal unless the record discloses conclusively that defense counsel was ineffective. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). In this case, the plea agreement shows that New-

2

man agreed that he was responsible for fifteen kilograms of cocaine and that he admitted the factual basis of his firearm conviction. In addition, the officer's affidavit and the PSR paint a picture of a drug conspiracy replete with guns, rendering the firearm enhancement proper. Therefore, the record does not conclusively show that Newman was denied effective assistance of counsel. Thus, we decline to address the claim on direct appeal. To the extent that Newman challenges the voluntariness of his guilty plea, our review of the record reveals that such a claim is patently without merit.

We, therefore, affirm Newman's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3